# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

*Electronically Filed*

| | |
|---|---|
| QUEEN DEBORAH CA'MEL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FORD MOTOR COMPANY, )<br>)<br>Defendant. ) | Case No. 3:21-cv-314-CRS<br><br>(Removed from the Circuit Court for Jefferson County, Kentucky, Case No. 21-CI-002416) |

### DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

Defendant Ford Motor Company ("Ford" or "Defendant"), by and through its undersigned counsel, hereby removes this case pursuant to 28 U.S.C. §§ 1441 and 1446 from the Circuit Court for Jefferson County, Kentucky, in which it is now pending, to the United States District Court for the Western District of Kentucky. In support thereof, Ford avers as follows:

1. Plaintiff Queen Deborah Ca'Mel filed an action styled *Queen Deborah Ca'Mel v. Ford Motor Company*, Case No. 21-CI-002416, in the Circuit Court of Jefferson County, Kentucky, on April 26, 2021. The service of process, summons and Complaint are attached hereto as **Exhibit 1**.

2. Prior to any response by Defendant, Plaintiff filed her First Amended Complaint on or about May 6, 2021. The service of process, Notice of Filing of First Amended Complaint, and the First Amended Complaint are attached hereto as **Exhibit 2**.

3. As required under § 1446(a), copies of all process, pleadings, and orders served on Defendant are attached as **Exhibit 1 and 2**.

4. In Plaintiff's First Amended Complaint, included herewith as **Exhibit 2**, Plaintiff purports to assert discrimination claims based on her race, African-American, and her sex, female, under the Kentucky Civil Rights Act (KCRA).

5. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

6. The undersigned counsel is authorized by Defendant to file this Notice of Removal and is a member of the Bar of this Court.

## PROCEDURAL STATEMENT

7. Ford was served with Plaintiff's Complaint on April 30, 2021. Therefore, this Notice of Removal has been timely filed within 30 days of service pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint). Ford was served with Plaintiff's First Amended Complaint on May 11, 2021.

8. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint are attached hereto as **Exhibit 1**, and a true and correct copy of the First Amended Complaint is attached hereto as **Exhibit 2**. Defendant has not yet answered the Complaint or the First Amended Complaint.

9. Pursuant to 28 U.S.C. § 1441(a), venue in the United States District Court for the Western District of Kentucky, is proper because the district and division embrace the Circuit Court of Jefferson County, Kentucky, where this action is currently pending. *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

10. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal in the Circuit Court of Jefferson County and give written notice of the removal to the Plaintiff.

**DIVERSITY OF CITIZENSHIP**

11. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the properly joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (under §1446(a), "a defendant seeking to remove a case to federal court must file a notice of removal 'containing a short and plain statement of grounds for removal,'" which is the same as the pleading requirements in Fed. R. Civ. P. 8(a)).

12. Based upon the First Amended Complaint and Plaintiff's representations as to her residence, she is a citizen of the Commonwealth of Kentucky. *See* **Exhibit 2**, ¶ 1.

13. For diversity purposes, a corporation "shall be deemed a citizen of any state by which it has been incorporated, and the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

14. Ford is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Michigan, where it is headquartered. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Ford is a citizen of Delaware and Michigan. Attached hereto as **Exhibit 3** is a true and correct copy of the most recent annual report for Ford Motor Company on file with the Kentucky Secretary of State, evidencing Defendant's state of origin and principal place of business.

15. Therefore, complete diversity exists between Plaintiff and Ford. 28 U.S.C. §1332(a)(1).

**AMOUNT IN CONTROVERSY**

16. Although Plaintiff does not articulate a specific amount of damages in the Complaint or First Amended Complaint, the damages claimed by her plainly exceed $75,000, exclusive of interest and costs.

17. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89; *Brown v. AmSouth Bank*, No. 15-5468, 2016 WL 4271874, at *3 (6th Cir. Mar. 23, 2016) (where complaint did not state amount in controversy, the notice of removal satisfied the amount-in-controversy requirement by stating that the amount in controversy exceeded $75,000); *Hume v. Quickway Transp., Inc.*, 2016 WL 3349334, at *3 (June 15, 2016). No submission of evidence accompanying the removal notice is required. *Dart Cherokee*, 135 U.S. at 89.

18. In her First Amended Complaint, Plaintiff seeks compensatory damages for "substantial actual (compensatory) damages, including any lost wages and benefits of employment that she may accrue as a result of her discharge," and attorney's fees. *See* **Exhibit 2**, First Amended Complaint, at p. 3. Plaintiff also alleges that she has "suffered humiliation, embarrassment, personal indignity, mortification of feelings and actual physical illness." *Id*. at ¶ 7.

19. Plaintiff seeks compensatory damages, including loss of income. Ford terminated Plaintiff's employment on or about May 4, 2021. On the date of discharge, Plaintiff earned approximately $6,000 per month and was employed in a full-time, salaried position. This equates

to approximately $72,000 annually. The median time for a civil case to proceed to a civil trial in the Western District of Kentucky following the filing of a Complaint is 33.2 months.[1] Assuming a trial will not occur until at least two years from removal, the amount in controversy thus reasonably includes 24 months of wage damages, or approximately $144,000.[2] *See, e.g., Blocker v. PPG Indus., Inc.*, No. 3:17-cv-29-DJH, 2017 WL 3431136, at *3 (Aug. 9, 2017) (back pay through the projected trial date properly included in the amount-in-controversy calculation).

20. Plaintiff further seeks compensatory damages for alleged "humiliation, embarrassment, personal indignity, mortification of feelings and actual physical illness." Kentucky federal juries have recently awarded $75,000 in compensatory damages in discrimination cases. *See, e.g., Marshall v. The Rawlings Company LLC*, Case No. 3:14-CV-359-TBR (W.D. Ky.) (reflecting $75,000 in compensatory damages for each of two discrimination theories in a March 30, 2018, jury verdict). Based on this precedent, the amount in controversy fairly includes $75,000 for compensatory damages.

21. Finally, the amount in controversy requirement is further met by Plaintiff's seeking attorney fees authorized by statute for her KCRA claims. See *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007); *Carrollton Hospitality LLC v. Kentucky Insight Partners II LP*, No. 13-CV-21-GFVT, 2013 WL 5934638, at *4 (E.D. Ky. Oct. 31, 2013) (holding that estimated attorney fees of close to 50% of damages claimed is "not an unreasonable estimate" for purposes of determining the amount in controversy). Using this 50% calculation, it is reasonable to assume that Plaintiff is seeking an *additional* $109,500 in attorneys' fees—over

---

[1] *See* Table, at p. 39 at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2020.pdf (as of September 30, 2019; statistic unavailable for 2020).

[2] Defendant disputes that Plaintiff would actually be entitled to this amount (or *any* amount) of past lost wages or other damages, and avers only that this is the amount *in controversy*.

and above the estimated $144,000 she seeks in wage damages and $75,000 she seeks in emotional distress damages, for a total amount in controversy of approximately $328,500.

22. Here, if Plaintiff is successful, an award of lost wages, compensatory damages for emotional distress, and attorneys' fees could easily exceed $75,000. As a result, the amount in controversy certainly exceeds the minimum $75,000 threshold.

## CONCLUSION

23. Because there exists complete diversity of citizenship and the amount in controversy is in excess of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). As a result, this action is removable pursuant to 28 U.S.C. § 1441(a).

24. WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant respectfully removes to federal court the above-captioned civil action, which is currently pending in the Circuit Court of Jefferson County, Kentucky.

Respectfully submitted,

TURNER, KEAL & BUTTON, PLLC


By: s/R. Thad Keal
    R. Thad Keal, KY Bar No. 83774
    10624 Meeting St., #101
    Prospect, KY 40059
    Telephone: (502) 426-5110
    Facsimile: (502) 426-5119
    tkeal@turnerkeal.com

*Counsel for Defendant Ford Motor Company*

**CERTIFICATE OF SERVICE**

I certify that on this 18th day of May 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Western District of Kentucky using the CM/ECF system that will send a notice of electronic filing to all counsel of record.

This is to further certify that on this 18th day of May 2021, I mailed a copy of the foregoing to the following via U.S. First-Class Mail, postage prepaid:

Philip C. Kimball
1970 Douglass Boulevard
Louisville, KY  40205
*Counsel for Plaintiff*

                                                s/R. Thad Keal
                                                R. Thad Keal
                                                *Attorney for Defendant*